IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

| | |
|---|---|
| JARVIS L. CANSLOR, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No.: 2:13-cv-116 |
| ) | |
| HAROLD W. CLARKE, Director, ) | |
| Virginia Department of Correction ) | |
| ) | |
| Respondent. ) | |

## REPORT AND RECOMMENDATION

This matter is before the Court on *pro se* Petitioner Jarvis L. Canslor's ("Canslor"),
Motion for Relief from Judgment, filed on October 30, 2015. ECF No. 52. The Motion was
referred for disposition to the undersigned United States Magistrate Judge pursuant to 28 U.S.C.
§ 636(b)(1)(B) and (C), Federal Rule of Civil Procedure 72(b), Eastern District of Virginia Local
Civil Rule 72, and the April 2, 2002, Standing Order on Assignment of Certain Matters to United
States Magistrate Judges. For the following reasons, the undersigned **RECOMMENDS** that
Canslor's Motion for Relief from Judgement, ECF No. 52, be **DENIED** and **DISMISSED**
**WITH PREJUDICE,** and that his accompanying Motion for Summary Judgement on the
Motion for Relief from Judgement, ECF No. 55, be **DISMISSED AS MOOT.**

## I. PROCEDURAL BACKGROUND

Canslor filed a Petition for a Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2254, on
March 4, 2013, challenging the constitutionality of his conviction. ECF No. 1. On July 1, 2014,
the undersigned issued a Report and Recommendation recommending Canslor's Petition be

1

denied and dismissed with prejudice on the grounds that there was no merit to Canslor's exhausted claims. ECF No. 36. On August 25, 2014, the District Court issued a Final Order, adopting and approving the undersigned's Report and Recommendation. ECF No. 41. The Clerk's Judgment was entered, ECF No. 42, and Canslor appealed to the United States Court of Appeals for the Fourth Circuit, ECF No. 43. On March 3, 2015, the Fourth Circuit denied his petition for appeal on the grounds that Canslor failed to demonstrate the requisite showing for a certificate of appealability. ECF No. 46. Canslor now comes before this Court seeking relief from the District Court's Final Order, ECF No. 41, and the Clerk's Judgment, ECF No. 42, arguing that the judgment was "the result of fraud, misrepresentation, and/or misconduct by the [Respondent], in accordance with Fed. R. Civ. P. 60." ECF No. 52. Respondent filed a Response in Opposition on November 12, 2015, arguing, "Canslor fails to establish misconduct by the [R]espondent, the existence of any meritorious claim, or that he was precluded by [R]espondent's conduct from presenting any claim." ECF No. 53 at 4. Canslor then filed a Request for Admission on November 30, 2015, seeking to require the Respondent to "admit, deny, or object to [sic]. Any statements not denied or objected to shall be treated by the court as an establishment of evidence in support of [Canslor's] Rule 60 Motion for Relief from the Judgment on the grounds of fraudulent misrepresentation." ECF No. 54. On January 11, 2016, Canslor filed a Motion for Summary Judgment on the Motion for Relief from Judgement. ECF No. 55. Accordingly, the Motion for Relief from Judgment is ripe for recommended disposition.

## II. DISCUSSION

Before evaluating the merits of Canslor's motion, this Court must ascertain whether it has jurisdiction over those claims. Canslor appealed the District Court's Final Order to the Fourth

Circuit on September 29, 2014, ECF No. 43, and the Fourth Circuit subsequently dismissed his appeal:

> The district court's order is not appealable unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1)(A) (2012). A certificate of appealability will not issue absent a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2) (2012). When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists would find that the district court's assessment of the constitutional claims is debatable or wrong. . . . We have independently reviewed the record and conclude that Canslor has not made the requisite showing. Accordingly, we deny a certificate of appealability, deny leave to proceed in forma pauperis, and dismiss the appeal.

ECF No. 46 (*Canslor v. Clarke*, No. 14-7463 (4th Cir. Mar. 3, 2015) (unpublished) (internal quotations omitted)). In addition to dismissing Canslor's appeal, the Fourth Circuit denied Canslor's petition for rehearing and rehearing en banc on April 13, 2015. ECF No. 50. By asking for relief from the District Court's Final Order, Canslor is essentially asking this Court to review a decision that he appealed to the Fourth Circuit, and to which the Fourth Circuit rendered a decision. "It is a well-established principle that 'an appeal divests a trial court of jurisdiction over 'those aspects of the case involved in the appeal.'" *Cochran v. Holder*, No. 1:06CV1328 (JCC), 2010 WL 2342430, at *2 (E.D. Va. June 4, 2010) (citing *Fobian v. Storage Technology Corp.*, 164 F.3d 887, 890 (4th Cir. 1999)); *Mayfield v. Nat'l Ass'n for Stock Car Auto Racing, Inc.*, No. 3:09-CV-220-GCM, 2009 WL 2849739, at *1 (W.D.N.C. Sept. 1, 2009) (explaining that the defendants "divested the court of jurisdiction by filing an appeal of the very order they now ask this court to vacate," and therefore this court "loses jurisdiction to amend or vacate its order"). Canslor "has received all the review to which he is entitled as the Fourth Circuit has already decided [his] appeal and denied [his] petition for rehearing en banc." *See Pearson v. Lee*, No. 1:06CV69-3-MU, 2009 WL 2912520, at *1 (W.D.N.C. Sept. 3, 2009) (unreported) (citing *United States v. Bell*, 5 F.3d 64, 66 (4th Cir. 1993) (stating the law of the

3

case doctrine "forecloses relitigation of issues expressly or impliedly decided by the appellate court . . . [and] forecloses litigation of issues decided by the district court but foregone on appeal or otherwise waived.")); *Wright v. Poole*, 81 F. Supp. 3d 280, 287 (S.D.N.Y. 2014) ("Here, because Petitioner raised his argument that this Court erred in ruling on his Petition without deciding his Discovery Motion on appeal and the Second Circuit issued a mandate dismissing the appeal, the Court does not have jurisdiction to grant relief pursuant to Rule 60 on that same ground.").

Nonetheless, if Canslor's "asserted basis for relief under Rule 60 were an event that occurred subsequent to the issuance of the [appellate court's] mandate, this jurisdictional bar would not apply." *Wright*, 81 F. Supp. 3d at 287; *Standard Oil Co. of Calif. v. United States*, 429 U.S. 17, 18 (1976) (holding that a district court could consider a Rule 60(b) motion that was based on later events because the appellate court mandate dealt only with the record and issues then before the court). Both of Canslor's grounds for fraud are based on alleged misrepresentations the Respondent made that were contained in the record before the Fourth Circuit on appeal from the Final Order; and thus, he may not circumvent the law of the case doctrine. Therefore the Court lacks jurisdiction to consider this motion.

However, even if the Court had jurisdiction, Canslor's motion would be time-barred. Federal Rule of Civil Procedure 60(b)(3) states, "On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding . . . [for] fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party. . . ." Fed. R. Civ. P. 60(b)(3). Rule 60(c) includes that such a motion must be made no more than a year after the entry of the judgment or order or the date of the proceeding. Fed. R. Civ. P. 60(c). The District Court issued the Final Order on August 25, 2014, ECF No.

41, and the Clerk's Judgment was entered on the same date, ECF No. 42. Canslor filed the present Motion for Relief on October 30, 2015, more than one year after the entry of the judgment and the order. Therefore, Canslor's motion is time-barred. *See Park Corp. v. Lexington Ins. Co.*, 812 F.2d 894, 896 (4th Cir. 1987) (ruling that to prevail on a Rule 60(b) motion, the "moving party must show that his motion is timely, that he has a meritorious defense to the action, and that the opposing party would not be unfairly prejudiced by having the judgment set aside").

Rule 60(b)(6) also provides a catch-all provision or "savings clause" whereby the Court may, beyond the time-barred period, "relieve a party from a final judgment, order, or proceeding for any reason justifying relief from the operation of the judgment." *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 873 (1988). Canslor's allegations of fraud are directed at Respondent, who he alleged "committed a positive wrong and fraudulent misrepresentation in his May 12, 2014 argument, in his Brief . . . when he knowingly stated and misled the Court in believing that [Canslor] had not presented the facts of Claim P." ECF No. 52 at 1. He also alleged that Respondent "submitted fraudulent misrepresentation when opposing party presented the incorrect date (January 17, 2008) in referring to the state court's transcript, and deliberately leading the court away from the factual date presented (November 5, 2007) by [Canslor] in numerous and original argumentative filings." *Id.* at 1-2. However, the Rule 60(b)(6) savings clause may only be implicated in "extraordinary circumstances" and cannot also occur when the allegation is one that fits squarely within 60(b)(1)-(5), as does Canslor's allegation of fraud (60(b)(3)). *See United States v. Gray*, No. CIVA DKC 97-4287, 2009 WL 4884523, at *3 (D. Md. Dec. 9, 2009) (stating that the catch-all 60(b)(6) provision that permits the motion to be made within a "reasonable time" cannot be used when the allegation is undisputedly based on

fraud under 60(b)(3): "Petitioners appear to attempt an end-run around the procedural bar of subsection (b)(3) by invoking subsection (b)(6)"); *Wright*, 81 F. Supp. 3d at 290 ("[A] party may not circumvent the one-year limit by bringing a motion under a different subsection that should properly be brought under 60(b)(1)-(3)."); *cf. United States v. Throckmorton*, 98 U.S. 61, 65-66 (1878) (finding that fraud between parties does not amount to fraud upon the court). Furthermore, Canslor's claims of fraud are without merit.  Canslor alleged that the Respondent misrepresented specific facts such as dates and Canslor's arguments in his brief, but these facts were before the Magistrate Judge in making his recommendation as well as before the District Court on direct review of the Report and Recommendation. *See* ECF Docket Report, *Canslor v. Clarke*, No. 2:13-cv-116 (E.D. Va May 14, 2014 – May 30, 2014) (indicating that state court records from the Virginia Beach Circuit Court, the Court of Appeals of Virginia, and the Supreme Court of Virginia were all received).  Thus, disregarding any potential jurisdictional issue, Canslor's claims are time-barred and are without merit.

## III. RECOMMENDATION

For these reasons, the undersigned **RECOMMENDS** that Canslor's Motion for Relief from Judgment, ECF No. 52, be **DENIED and DISMISSED WITH PREJUDICE**, and that his accompanying Motion for Summary Judgement on the Motion for Relief from Judgement, ECF No. 55, be **DISMISSED AS MOOT**.

## IV. REVIEW PROCEDURE

By receiving a copy of this Report and Recommendation, the parties are notified that:

1. Any party may serve on the other party and file with the Clerk of the Court specific written objections to the above findings and recommendations within fourteen days from the date this Report and Recommendation is mailed to the objecting party, computed pursuant to Federal Rule of Civil Procedure Rule 6(a) plus three days permitted by Federal Rule of Civil Procedure Rule 6(d). A party may respond to another party's specific written objections within fourteen days after being served with a copy thereof. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

2. A United States District Judge will make a *de novo* determination of those portions of this Report and Recommendation or specified findings or recommendations to which objection is made. The parties are further notified that failure to file timely specific written objections to the above findings and recommendations will result in a waiver of the right to appeal from a judgment of this Court based on such findings and recommendations. *Thomas v. Arn*, 474 U.S. 140 (1985); *Carr v. Hutto*, 737 F.2d 433 (4th Cir. 1984); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

The Clerk is **DIRECTED** to forward a copy of this Report and Recommendation to the *pro se* Petitioner and counsel of record for the Respondent.

/s/
Lawrence R. Leonard
United States Magistrate Judge
Lawrence R. Leonard
United States Magistrate Judge

Norfolk, Virginia
February 29, 2016