

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

JARVIS L. CANSLOR,

    Petitioner,

v.                                                    Civil Case No.: 2:13-cv-116

HAROLD W. CLARKE, Director,
Virginia Department of
Corrections,

    Respondent.

## MEMORANDUM ORDER

This matter is before the Court on *pro se* Petitioner's Motion for Relief from Judgment, pursuant to Federal Rule of Civil Procedure 60(b)(3), ECF No. 52, related to the Court's Final Order denying and dismissing Petitioner's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254, Petitioner's Motion for Summary Judgment on the Motion for Relief from Judgment, ECF No. 55, and Petitioner's Motion for Recusal of United States Magistrate Judge Lawrence R. Leonard, ECF No. 57. The Court will address Petitioner's Motion for Relief and related Motion for Summary Judgment together, and will then address Petitioner's Motion for Recusal.

### I. Motion for Relief and Motion for Summary Judgment

This Court referred Petitioner's Motion for Relief from Judgment and Motion for Summary Judgment to a United States

1

Magistrate Judge, pursuant to 28 U.S.C. §636(b)(1)(B) and (C), Federal Rule of Civil Procedure 72(b), Eastern District of Virginia Local Rule 72, and the April 2, 2002, Standing Order on Assignment of Certain Matters to the United States Magistrate Judges, for report and recommendation. On February 29, 2016, the Magistrate Judge issued a Report and Recommendation, ECF No. 56, recommending that Petitioner's Motion for Relief from Judgment be **DENIED** and **DISMISSED WITH PREJUDICE** and recommending that Petitioner's related Motion for Summary Judgment on the Motion for Relief from Judgment be **DISMISSED AS MOOT**.

By copy of the Report and Recommendation, the parties were advised of the right to file written objections to the findings and recommendations made by the Magistrate Judge. On March 18, 2016, Petitioner timely filed his Objections to the Magistrate Judge's Report and Recommendation. ECF No. 58. Petitioner raised seven objections, objecting to: (1) the Magistrate Judge's failure to recuse himself in this matter; (2) the Magistrate Judge's failure to consider Petitioner's Request for Admission, ECF NO. 54; (3) the Magistrate Judge's alternative determinations regarding jurisdiction, timeliness, and the merits of Petitioner's motions; (4) the Magistrate Judge's determination that Petitioner's motions were untimely; (5) the Court's implicit bias against Petitioner as a *pro se*, incarcerated litigant; (6) the Magistrate Judge's failure to

2

substantively address Petitioner's fraud allegations; and (7) the Magistrate Judge's failure to address the unexhausted "Claim P" in Petitioner's § 2254 Petition. Respondent has not filed any objections, nor has he responded to Petitioner's Objections.

Pursuant to Federal Rule of Civil Procedure 72(b)(3), the undersigned has reviewed de novo the Magistrate Judge's Report and Recommendation and the objections filed thereto. After such review, the Court **ADOPTS** the findings and recommendations set forth in the February 29, 2016 Report and Recommendation of the United States Magistrate Judge. Petitioner's first objection, regarding recusal of the Magistrate Judge, is **OVERRULED** for the reasons stated below addressing Petitioner's Motion for Recusal. Petitioner's second objection, regarding Petitioner's Request for Admission, is **OVERRULED** because Petitioner is not authorized to seek discovery in this matter and the Court need not consider such unauthorized requests. See Fed. R. Civ. P. 36(a)(1) (allowing a party to file requests for admission in a "pending action"); R. Governing § 2254 Proceedings in U.S. Dist. Cts. 6 (requiring a § 2254 petitioner to seek leave to conduct discovery). Petitioner's third and fourth objections, regarding the Magistrate Judge's alternative grounds for dismissal, are **OVERRULED** because the Report and Recommendation addressed three separate grounds for dismissal of Petitioner's motions—any one of which is sufficient to support dismissal—and Petitioner has

3

not provided any facts undermining such findings. Petitioner's fifth objection, regarding the Court's implicit bias, is **OVERRULED** because Petitioner has not been subjected to unfair or unreasonable constraints due to his pro se or incarcerated status. Instead, the Court has "liberally construed" Petitioner's filings, throughout this litigation, as it must when dealing with a pro se litigant. See Erickson v. Pardus, 551 U.S. 89, 94 (2007). Petitioner's sixth objection, regarding his fraud allegations, is **OVERRULED** because the Court need not consider such allegations when, as found in this matter, Petitioner's claim for relief is untimely, the Court lacks jurisdiction, and Petitioner is not entitled to relief on his Motion for Relief from Judgment. Finally, Petitioner's seventh objection, regarding his "Claim P," is **OVERRULED** because such objection was previously raised and the Court overruled such objection in its Final Order, ECF No. 41.

Therefore, the Court **DENIES** and **DISMISSES WITH PREJUDICE** Petitioner's Motion for Relief from Judgment, ECF No. 52, and **DENIES AS MOOT** the Petitioner's Motion for Summary Judgment on the Motion for Relief from Judgment, ECF No. 55.

## II. Motion for Recusal

Petitioner filed his Motion for Recusal on March 18, 2016, simultaneous to his Objections to the Magistrate Judge's Report and Recommendation. Petitioner's Motion for Recusal argues that

4

the Magistrate Judge should be disqualified, pursuant to 28 U.S.C. § 144, for (1) bias arising from "undisclosed personal and/or professional relationships with the Virginia [Department] of Corrections executive personnel and Virginia Beach judicial personnel," (2) exhibiting prejudice and favoritism through "actions, tone in statements," and (3) disregarding some of Petitioner's arguments. Mot. for Recusal ¶¶ 1-3. Further, Petitioner includes in his Objections, a concurrent request, pursuant to 28 U.S.C. § 455(a) and (b)(1), that the Magistrate Judge recuse himself. Respondent has not responded to Petitioner's Motion for Recusal.

## A. Legal Standard

Petitioner has asserted that Magistrate Judge Lawrence R. Leonard should be recused under both 28 U.S.C. § 144 and 28 U.S.C. § 455. Both federal statutes, § 144 and § 455, address the potential disqualification of federal presiding judges from matters pending before them. Section 144 "provides a procedure by which a party can timely file an affidavit stating the presiding judge's personal bias or prejudice. [Section] 455, on the other hand, is self-executing, requiring a presiding judge to disqualify himself under certain circumstances." Kidd v. Dalkon Shield Claimants Trust, 215 B.R. 106, 108 (Bankr. E.D. Va. 1996) (citing In re Beard, 811 F.2d 818, 827 n.15 (4th Cir. 1987)). As each statute presents an independent, although

5

substantively similar, basis on which to seek recusal, the Court will address Petitioner's Motion for Recusal under each statute. See United States v. Faul, 748 F.2d 1204, 1210 (8th Cir. 1984) (noting that "grounds for disqualification set out in [§ 144 and § 455] are quite similar, [and] both may be considered together" (internal citations omitted)).

### 1. 28 U.S.C. § 144

Title 28, Section 144 states that:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.
>
> The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. It shall be accompanied by certificate of counsel of record stating that it is made in good faith.

28 U.S.C. § 144. "When an affidavit has been filed pursuant to § 144, a presiding judge is limited to a determination of whether the affidavit (1) is in compliance with the procedural requirements of that section and (2) alleges with specificity that the judge in question has a 'personal bias or prejudice either against [the party filing the affidavit] or in favor of an adverse party.'" Wambach v. Hinkle, No. 1:07cv714, 2007 WL

6

2915072, at *1 (E.D. Va. Oct. 4, 2007) (unpublished) (quoting Kidd v. Greyhound Lines, Inc., No. 3:04cv277, 2004 WL 3756420, *3 (E.D. Va. Sept. 23, 2004) (unpublished)); Sine v. Local 992 Int'l. Bhd. of Teamsters, 882 F.2d 913, 914 (4th Cir. 1989).

The procedural requirements of § 144 are that a litigant must file a "timely and sufficient affidavit," "accompanied by certificate of counsel of record stating that it is made in good faith."[1] 28 U.S.C. § 144. However, the requirement to file a certificate of good faith with a § 144 Motion for Recusal may be waived for pro se litigants, as such requirement "is met by the operation of Federal Rule of Civil Procedure 11, which requires pro se parties to submit pleadings, motions, and other papers in good faith." Wambach, 2007 WL 2915072, at *1 (citing Kidd, 2004 WL 3756420, at *1-2). Thus, an affidavit in support of a § 144 Motion for Recusal need only be timely and sufficient.

With respect to the sufficiency of the affidavit, "the affidavit, accepted as true, must clearly delineate

---

[1] Our Court of Appeals has stated that "[a] judge against whom an affidavit under § 144 is filed must pass on the legal sufficiency of the facts alleged." Sine v. Local No. 992 Int'l Bhd. Of Teamsters, 882 F.2d 913, 914 (4th Cir. 1989). However, Sine addressed the recusal of a United States District Judge, the presiding judge in the matter and appointed under Article III. Thus, as the undersigned is the "presiding judge" in this matter and the limited referral to the Magistrate Judge in this matter has been completed, the Court may also review Petitioner's Motion for Recusal. See, e.g., Keeler v. Chang, No. 4:15cv19, 2015 WL 10690451 (E.D. Va. August 28, 2015)(unpublished); White v. Old Republic Nat. Title Ins., No. 1:12-07965, 2015 WL 236679 (S.D.W.V. January 16, 2015) (unpublished); Burgess v. eBay, Inc., No. 1:11-CV-193, 2013 WL 3716872 (M.D.N.C. July 12, 2013) (unpublished).

7

circumstances showing personal bias or prejudice." <u>Hirschkop v. Va. State Bar Ass'n</u>, 406 F. Supp. 721, 725 (E.D. Va. 1975) (internal citations omitted)). A party seeking recusal must allege <u>personal</u> bias or prejudice caused by an extrajudicial source other than what the judge has learned or experienced from his participation in the case." <u>Sine</u>, 882 F.2d at 914 (citing <u>United States v. Grinnell Corp.</u>, 384 U.S. 563 (1966); <u>Shaw v. Martin</u>, 733 F.2d 304, 308 (4th Cir. 1984)). Further, "[a]s a court is presumed to be impartial, the facts alleged in the affidavit must be 'strictly construed'" against the party seeking recusal, even if such party is <u>pro se</u>. <u>Wambach</u>, 2007 WL 2915072, at *2 (quoting <u>Kidd</u>, 2004 WL 3756420, at * 3).

### 2. 28 U.S.C. § 455(a) and (b)(1)

Title 28, Section 455 states that:

> (a) Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.
>
> (b) He shall also disqualify himself in the following circumstances:
>
>> (1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding;

28 U.S.C.A. § 455. Unlike the procedural and sufficiency requirements of § 144, § 455(a) concerns the "appearance of partiality." <u>Liteky v. United States</u>, 510 U.S. 540, 558 (1994).

Pursuant to § 455(a), a judge must disqualify himself or herself "if a reasonable factual basis exists for doubting the judge's impartiality." United States v. Cherry, 330 F.3d 658, 665 (4th Cir. 2003). However, recusal is not required when a litigant's allegations of partiality are "unsupported, irrational, or highly tenuous speculation." United States v. DeTemple, 162 F.3d 279, 287 (4th Cir. 1998) (citing In re United States, 666 F.2d 690, 694 (1st Cir. 1981)). Section 455(b) requires a judge to recuse himself or herself in certain circumstances. Subsection (1) of § 455(b) requires recusal when a judge "has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." 28 U.S.C. § 455(b)(1). Generally, the party seeking recusal must demonstrate that such bias or prejudice arose from an extrajudicial source, or, if such bias arose from a judge's official role, the litigant must demonstrate that the judge displayed a "deep-seated favoritism or antagonism." Liteky, 510 U.S. at 555.

### B. Discussion

#### 1. Recusal Under 28 U.S.C. § 144

Petitioner has failed to comply with the procedural timeliness requirement of § 144. As noted above, § 144 requires that an affidavit "be filed not less than ten days before the beginning of the term." However, "the literal ten-day

requirement no longer applies, since formal terms of court were long ago abolished." Wambach, 2007 WL 2915072, at *2 (citing Kidd, 2004 WL 3756420 at *2). Thus, with respect to timeliness, "motions to recuse must be filed at the first opportunity after discovery of the facts tending to prove disqualification." United States v. Whorley, 550 F.3d 326, 339 (4th Cir. 2008) (internal quotations and citations omitted). Petitioner has failed to demonstrate that he filed his Motion "at the first opportunity" after discovery of the Magistrate Judge's alleged bias or prejudice. While Petitioner represents in his affidavit that he "was not initially aware of" the Magistrate Judge's alleged "personal and/or professional relationships with Virginia Dept. of Corrections executive personnel and Virginia Beach judicial personnel," Mot. for Recusal ¶ 1, Petitioner does not provide any facts explaining when he learned of such relationships. Therefore, Petitioner's Motion for Recusal, pursuant to 28 U.S.C. § 144, is **DENIED** as untimely.

Further, even if Petitioner's Motion for Recusal was timely, Petitioner has failed to allege sufficient facts demonstrating that the Magistrate Judge's alleged "personal bias or prejudice" arose from an extrajudicial source. Petitioner's two-page Motion for Recusal fails to include specific facts demonstrating personal bias or prejudice, including only conclusory allegations of the Magistrate Judge's bias against

10

Petitioner. Further, Petitioner fails to demonstrate that such alleged prejudice stems from an extrajudicial source. As such, Petitioner has failed to allege with specificity that the Magistrate Judge has a personal bias or prejudice against Petitioner. Thus, even if Petitioner's Motion for Recusal were timely, such motion is **DENIED** because Petitioner's allegations are insufficient.

### 2. Recusal Under 28 U.S.C. § 455(a) or (b)(1)

Alternatively, Petitioner has failed to demonstrate that his Motion for Recusal should be granted under either § 455(a) or § 455(b)(1). With respect to subsection (a), Petitioner's two-page Motion for Recusal provides only conclusory and unsupported allegations regarding the Magistrate Judge's appearance of partiality. Petitioner has alleged no specific facts that would allow a reasonable person to doubt the Magistrate Judge's impartiality in this matter.

With respect to subsection (b)(1), Petitioner has failed to provide facts to support his allegation that the Magistrate Judge "has a personal bias or prejudice" against him, or "personal knowledge of [pertinent] disputed evidentiary facts." Further, Petitioner has not provided facts demonstrating that such bias, prejudice, or knowledge arose from an extrajudicial source. Thus, Petitioner's Motion for Recusal under 28 U.S.C. § 455(a) and (b)(1) is **DENIED**.

11

## III. Conclusion

For the reasons set forth above, the Court **ADOPTS** the Magistrate Judge's Report and Recommendation, ECF No. 56, and **OVERRULES** Petitioner's Objections in full, ECF No. 58. As such, the Court **DENIES** and **DISMISSES WITH PREJUDICE** Petitioner's Motion for Relief from Judgment, ECF No. 52, and **DENIES AS MOOT** the Petitioner's Motion for Summary Judgment on the Motion for Relief from Judgment, ECF No. 55. Further, the Court **DENIES** Petitioner's Motion for Recusal, ECF No. 57, under both 28 U.S.C. § 144 and 28 U.S.C. § 455(a) and (b)(1).

As an order denying Rule 60(b) relief on the merits in a habeas action constitutes the "final order" in such proceeding, Petitioner is only permitted to appeal if he first obtains a "certificate of appealability." United States v. McRae, 793 F.3d 392, 399-400 (4th Cir. 2015); Gonzales v. Oates, 619 F. App'x 231 (4th Cir. Oct. 16, 2015) (unpublished). Here, finding that Petitioner has not made a "substantial showing of the denial of a constitutional right," a certificate of appealability is **DENIED**. 28 U.S.C. § 2253(c)(2); see R. Governing § 2254 Proceedings in U.S. Dist. Cts. 11(a); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003).

Petitioner is **ADVISED** that if he intends to appeal the denial of his Motion for Recusal, or pursue an appeal of his Motion for Relief from Judgment by seeking a certificate of

appealability from the United States Court of Appeals for the Fourth Circuit, he must forward a written notice of appeal to the Clerk of the United States District Court, United States Courthouse, 600 Granby Street, Norfolk, Virginia, 23510 within thirty (30) days from the date of this Memorandum Order.

The Clerk is **DIRECTED** to forward a copy of this Memorandum Order to pro se Petitioner and all counsel of record.

**IT IS SO ORDERED.**

/s/ _____
Mark S. Davis
UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
June 29, 2016